# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NIMRAH BADER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-297-G |
| | ) |
| SARAH JOSEPHINE ROBERTS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Motion for Partial Summary Judgment filed by Defendant Sarah Josephine Roberts (Doc. No. 15). Plaintiff Nimrah Bader has responded in opposition (Doc. No. 17).

BACKGROUND

This case arises from an auto-pedestrian accident that occurred on September 20, 2018, at the southwest corner of Park Avenue and Hudson Avenue in downtown Oklahoma City, Oklahoma. *See* Compl. (Doc. No. 1) ¶¶ 3, 5. Plaintiff alleges that, while attempting to cross Hudson, she was struck by Defendant's vehicle when Defendant—who had been driving west on Park—turned south onto Hudson. *Id.* ¶¶ 5-7.

Plaintiff filed this lawsuit on April 1, 2019, asserting claims against Defendant for common-law negligence and negligence per se. *Id.* ¶¶ 9-12. Plaintiff alleges that as a result of the accident she sustained a subdural hematoma necessitating hospitalization and has permanently lost her sense of smell and taste—a medical condition known as anosmia.

*Id.* ¶ 13. Plaintiff seeks to recover past and future medical expenses, as well as past and future pain and suffering. *Id.*

Defendant filed the instant motion on November 4, 2019, seeking summary judgment on Plaintiff's claims for "future damages"—namely, damages attributed to permanent injury, future medical expenses, and/or future pain and suffering. Def.'s Mot. (Doc. No. 15) at 1 (emphasis omitted). Defendant contends that under Oklahoma law, an award of future damages must be supported by medical expert testimony and that, having failed to designate a single expert witness, Plaintiff has not established the requisite evidentiary basis for any such recovery. *Id.*

## STANDARD OF REVIEW

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.*

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence

2

admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or
- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B). While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

ANALYSIS

I. *Whether Plaintiff Must Present Expert Testimony to Recover Future Damages*

Under Oklahoma law, a tort plaintiff must generally present medical expert testimony to establish the permanence of her injury or to support an award for future medical expenses and/or future pain and suffering. *See Reed v. Scott*, 820 P.2d 445, 448–

3

49 (Okla. 1991); *Blanke v. Alexander*, 152 F.3d 1224, 1232-33 (10th Cir. 1998). This rule is grounded in the view that, when an injury is "subjective" in nature, laymen cannot ascertain the likelihood of future damages "'with reasonable certainty.'" *Reed*, 820 P.2d at 449 (citing *Shawnee-Tecumseh Traction Co. v. Griggs*, 151 P. 230, 231 (Okla. 1915)). Expert testimony is unnecessary, however, if the injury is purely "objective"—that is, when "'it is plainly apparent from the nature of the injury'" that it is permanent or that it will cause the plaintiff to incur future medical expenses or undergo future pain and suffering. *Id.* (citing *Edwards v. Chandler*, 308 P.2d 295, 297 (Okla. 1957)).

Defendant contends that the injury claimed by Plaintiff is subjective and must therefore be substantiated by expert testimony. Def.'s Mot. at 3-4. The Court agrees.

Assuming, for purposes of this motion, that the accident in fact caused Plaintiff to develop anosmia as alleged,[1] it is not plainly apparent that such a condition is permanent or that it will cause Plaintiff to incur future medical expenses or undergo future pain and suffering.[2] To the contrary, relevant literature indicates that anosmia "occurs in a variety of types and degrees" and that it "can be permanent or temporary." 27 Am. Jur. Proof of Facts 2d 361 (2019). Under these circumstances, Plaintiff must support her claim for future

---

[1] Defendant does not appear to contest whether the accident caused Plaintiff to develop anosmia—but only "whether such a condition is permanent" and whether it will cause "future pain and suffering" or result in "future medical expenses." Def.'s Mot. at 3-4.

[2] Plaintiff asserts that it is "uncontroverted that if anosmia persists beyond one (1) year that it is likely to be a permanent condition." Pl.'s Resp. (Doc. No. 17) at 3. But Plaintiff has produced no evidence to support that assertion. *See Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991) ("Factual statements contained in [a] brief attributable to counsel . . . do not constitute summary judgment evidence[.]").

4

damages with expert testimony addressing her particular situation. *See Jones v. Sechtem*, 268 P. 201, 203-04 (Okla. 1928) (plaintiff could not recover damages based on alleged permanence of skull fracture where the evidence showed "that some persons who suffer from skull fracture do not recover for a long time, and some never recover," but no expert opined specifically on the permanence of plaintiff's skull fracture).

II. *Whether Plaintiff Has Satisfied Her Evidentiary Burden*

The resulting question is whether Plaintiff has shown, through proper Rule 56 material, the availability at trial of evidence—here, medical expert testimony—to support an award of future damages. In her Response, Plaintiff argues that she "is herself a physician, licensed to practice in the state of Oklahoma" and is thus "perfectly competent to testify as to her injuries, and the likely permanence of her anosmia." Pl.'s Resp. at 3-4. While this statement may be true,[3] the fact remains that Plaintiff has not designated herself as an expert witness in this case. For that reason, the Court cannot conclude that she has carried her evidentiary burden under Rule 56 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ziegler v. Wisconsin Cent., Ltd.*, No. 13-CV-996, 2015 WL 1898240, at *2 (E.D. Wis. Apr. 27, 2015) (explaining that, while a plaintiff may testify as his own expert, he is not excepted from Fed. R. Civ. P. 26(a)(2)'s disclosure and reporting requirements); *Scheidt v. Klein*, 956 F.2d 963, 968 n.4 (10th Cir. 1992).

---

[3] The Court expresses no opinion as to whether Plaintiff, "a resident physician in internal medicine," is qualified to serve as an expert in this case pursuant to Rule 702 of the Federal Rules of Evidence. Pl.'s Resp. at 1.

CONCLUSION

For the reasons outlined above, the Court finds Defendant is entitled to judgment as a matter of law on Plaintiff's claim for damages attributed to permanent injury, future medical expenses, and future pain and suffering.

Accordingly, the Court

(1) GRANTS Defendant's Motion for Partial Summary Judgment (Doc. No. 15); and

(2) ADVISES the parties that entry of judgment in favor of Defendant under Federal Rule of Civil Procedure 58 on this claim for relief will await resolution of Plaintiff's remaining claims.

IT IS SO ORDERED this 2nd day of January, 2020.

_____
CHARLES B. GOODWIN
United States District Judge